## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD E. STEIN and JACQUILYN S. STEIN, Individually and on Behalf of All Others Similarly Situated | : : : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 3:16-cv-00345 (VAB) |
| | : | |
| TEEKAY CORP., PETER EVENSEN, and VINCENT LOK, | : : | |
| | : | |
| Defendants. | : | |

## RULING ON MOTION TO TRANSFER

Ronald and Jacquilyn Stein ("the Steins") initiated this securities litigation against Defendants, Teekay Corp. ("Teekay") and two of its officers, Peter Evensen and Vincent Lok, on behalf of a purported class of Teekay investors.  Maeve Investment Company Limited Partnership ("Maeve"), one of Teekay's other investors, subsequently filed a motion for appointment as lead plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA").  On November 7, 2016, Maeve was appointed Lead Plaintiff in this matter. 11/07/2016 Minute Entry, ECF No. 57.

The Steins' two-count Complaint, filed in March 2016, alleges that Defendants made false and misleading statements about the projected growth of Teekay dividends shortly before those dividends drastically decreased in value, causing financial loss to investors.  The Complaint alleges that the United States District Court for the District of Connecticut ("District of Connecticut") is the proper venue for this dispute because Teekay "maintains offices" in Connecticut and Mr. Evensen "resides in Connecticut."  Compl. ¶¶ 11, 15, ECF No. 1.

Defendants now seek to transfer this case from the District of Connecticut to the United States District Court for the Western District of Washington ("Western District of Washington"). In support of its motion to transfer venue, Teekay argues that it does not maintain an office in Connecticut and that its main office is based in Vancouver, British Columbia, Canada. Maeve opposes this motion to transfer, arguing that the Plaintiffs' choice of forum should be given significant deference, and the relative proximity of the Western District of Washington to the company headquarters in Vancouver is not sufficient to overcome that deference. For the reasons outlined below, Defendants' Motion to Transfer is **GRANTED**.

## I.        Standard of Review

28 U.S.C. § 1404(a) permits the Court to transfer a civil action "[f]or the convenience of the parties and witnesses, in the interest of justice." *See, e.g., Semente v. Empire Healthchoice Assurance, Inc.*, No. 14-CV-5644 (JMF), 2014 WL 4967193, at *1 (S.D.N.Y. Sept. 29, 2014) ("Even if venue is proper . . . the Court may still transfer the case to a more appropriate forum pursuant to Section 1404(a)"). On a section 1404(a) motion to transfer, "the burden is on the movant to show that the transfer is justified. . . . Absent a clear and convincing showing that the balance of convenience strongly favors the alternate forum . . . discretionary transfers are not favored." *Xiu Feng Li v. Hock*, 371 F.App'x 171, 175 (2d Cir. 2010) (internal quotation marks and citations omitted). "[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *Publicker Indus., Inc. v. United States (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 117 (2d Cir. 1992).

A district court performs a two-part inquiry when considering a motion to transfer venue under Section 1404(a). "First, the court must determine whether the action sought to be

transferred is one that 'might have been brought' in the transferee court." *In re Collins & Aikman Corp. Sec. Litig.*, 438 F.Supp.2d 392, 394 (S.D.N.Y. 2006) (internal citations omitted). Second, the court must consider the following factors: "'(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.'" *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006) (quoting *Albert Fadem Trust v. Duke Energy Corp.*, 214 F.Supp.2d 341, 343 (S.D.N.Y. 2002)). "Courts also routinely consider judicial economy, the interest of justice, and 'the comparative familiarity of each district with the governing law.'" *Synca Direct Inc. v. SCIL Animal Care Co.*, No. 15-CV-2332 (RJS), 2015 WL 3883281, at *1 (S.D.N.Y. June 22, 2015) (citing *CYI, Inc. v. Ja–Ru, Inc.*, 913 F.Supp.2d 16, 19 (S.D.N.Y. 2012).

## II.   Discussion

On the whole, the application of these factors weighs in favor of transferring this case to the Western District of Washington.  While the alleged conduct did not take place in either Washington or Connecticut, the Western District of Washington is the venue closest to Teekay's main office in Vancouver, Canada, and the overall access to potential witnesses and documentary evidence would be improved by a transfer of venue.

As a preliminary matter, the Court recognizes that, as Plaintiffs have noted in their opposition brief and during oral argument, the District of Connecticut is the only district within the U.S. that has actual ties to any of the parties.  Mr. Evensen owns a home in this state and he reportedly worked around once a month from a Connecticut office that was previously used by some of Teekay's subsidiaries.  Pls. Mem. in Opp. at 11, 18, ECF No. 48; Evensen Dec. at ¶ 5,

ECF No. 39.  Even though these direct ties to the state of Connecticut are not related to the facts giving rise to this case, Plaintiffs argue that the lack of direct connection with the Western District of Washington is enough to justify keeping the case in the District of Connecticut.

Plaintiffs also argue that the cases cited by Defendants in support of transfer are inapposite, as each of those cases involves at least some direct connection to the transferee district.  *See Synca Direct Inc. v. SCIL Animal Care Co.*, 15-CV-2332 (RJS), 2015 WL 3883281 (S.D.N.Y. Jun. 22, 2015) (approving transfer from Southern District of New York to Northern District of New York, where one of the parties had its offices, based in part on its relative convenience for Canada-based witnesses); *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.,* No. 83-1958, 1984 WL 2929 (D.D.C. Jan. 24, 1984) (transferring case to Western District of New York, where some defendants had offices, based in part on its relative convenience for Canada-based defendants); *Steelcase Inc. v. Smart Technologies, Inc.,* 336 F.Supp.2d 714 (W.D. Mich. 2004) (declining transfer from Western District of Michigan, where named plaintiff had its headquarters, based in part on its relative proximity to evidence and witnesses in other states and in Canada).

In each of these cases, however, relative proximity to key offices and witnesses in Canada was featured as a factor in the court's analysis, and Plaintiffs have not pointed to any case law concluding that a direct connection to the transferee district is required.  Indeed, the case law is quite clear that, as long as the action could have been originally brought in the proposed transferee district, transfer is appropriate where the balancing of factors suggests that the proposed transferee district would be a more just and convenient venue.  *In re Collins & Aikman Corp. Sec. Litig.*, 438 F.Supp.2d at 394.  In light of each of the nine enumerated factors the Court is required to consider on a motion to transfer, described in further detail below, and

taking into consideration the proximity of the Western District of Washington to Teekay's headquarters in Vancouver, Canada, the Court finds that the convenience of the parties and witnesses and the interests of justice weigh in favor of hearing this dispute in the Western District of Washington.  Accordingly, Defendants' motion to transfer venue is granted.

### a.   Jurisdiction in the Western District of Washington

The parties do not dispute that this case initially could have been brought in the Western District of Washington.  Defs. Mem. in Supp. at 8-9, ECF No. 37.  Under 15 U.S.C. § 78aa, which governs federal district courts' jurisdiction over securities lawsuits, a securities fraud action may be brought in any district where an alleged securities violation occurred.  *See Ravenwoods Invest. Co., L.P. v. Bishop Capital Corp.,* No. 04-CV-9266 (KMK), 2005 WL 236440, at *3 (S.D.N.Y. Feb. 1, 2005) (venue in securities litigation "is governed by Section 27 of the 1934 Act, 15 U.S.C. § 78aa, which provides that venue is proper in any district in which an 'act or transaction constituting the violation occurred,' or where 'the Defendant is found or is an inhabitant or transacts business'").

Venue is proper in any district where allegedly fraudulent statements were transmitted. *See, e.g., In re AES Corp. Securities Litigation*, 240 F.Supp.2d 557 (E.D. Va. 2003) (venue appropriate in securities fraud class action based only on the fact that allegedly misleading information was transmitted into the district, even without a showing that any class members actually read or relied on that information in the district); *Ethanol Partners Accredited v. Weiner, Zuckerbrot, Weiss & Brecher*, 617 F.Supp. 308 (E.D. Pa. 1985) (venue in Eastern District of Pennsylvania proper where defendants had made material misrepresentations to plaintiffs in that district); *United States v. Johnson*, 510 F.3d 521, 525 (4th Cir. 2007) ("causing the transmission of the Form 10-Q to the Eastern District of Virginia will suffice to sustain venue in that district…

the 'venue-sustaining act need not constitute the core of the alleged violation,' but merely one that is material to the charged offense").  Even when the defendant is based outside the United States – the Second Circuit has held that, in securities cases, "[a] court may exercise personal jurisdiction over a foreign defendant who causes an effect in the forum by an act committed elsewhere." *Landry v. Price Waterhouse Chartered Accountants*, 715 F.Supp. 98 (2d Cir. 1989).

Here, all three Defendants have been accused of making misleading statements about Teekay's financial projections during investor calls and through press releases.  Compl. at ¶¶ 23-32.  These statements were broadcast nationwide through national securities markets, including in the Western District of Washington.  As the transmission of allegedly misleading statements in the proposed transferee district is an act sufficient to confer jurisdiction on federal courts in that district, the Court finds that Plaintiffs could have initially brought this action in the Western District of Washington.

### b.  Plaintiff's Choice of Forum

"In considering a motion to transfer, a district court ordinarily affords the plaintiff's choice of forum substantial weight." *Verilux, Inc. v. Ottlite Techs., Inc.*, No. 09-CV-00717 (JCH), 2009 WL 2710222, at *5 (D. Conn. Aug. 20, 2009) (citing *Gross v. British Broad. Corp.*, 386 F.3d 224, 230 (2d Cir. 2004); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).  A plaintiffs' choice of forum is not given less weight simply because the plaintiff does not reside in that forum.  *Motown Record Corp. v. Mary Jane Girls, Inc.*, 660 F.Supp. 174, 175 (S.D.N.Y. 1987).  "However, a plaintiff's choice of forum is given substantially less weight where the forum is neither plaintiff's home district nor the place where the events or transactions underlying the action occurred." *Verilux, Inc.,* 2009 WL 2710222 at *5 (internal citations and quotes omitted); *see also Hanger Orthopedic Group, Inc. Securities Litigation,* 418 F.Supp.2d

164, 170 (2d Cir. 2006) ("when the plaintiff does not reside in the chosen forum, and the plaintiff's chosen forum has no material connection to the facts or issues of the case, that weight is diminished" (citing *Cali v. East Coast Aviation Servs., Ltd*., 178 F.Supp.2d 276, 292 (E.D.N.Y. 2001)).  This is particularly true where, as here, the plaintiff purports to represent a geographically dispersed class.  *Warrick v. General Elec. Co. (In re Warrick),* 70 F.3d 736, 741 n.7 (2d Cir. 1995) ("the plaintiff's choice of forum is a less significant consideration in a … class action than in an individual action"); *Wilson v. DirectBuy*, 821 F.Supp.2d 510, 516 (D. Conn. 2011) ("the Second Circuit… has acknowledged that district courts may give less weight to this factor in national class actions").

Although the plaintiffs who filed this action, Ronald and Jacquelyn Stein, selected the District of Connecticut as their chosen forum for filing this action, Maeve has since been named Lead Plaintiff in this action and will be taking the primary role in litigating against Defendants. Maeve is based in Florida and has alleged no direct ties to the District of Connecticut. According to the Complaint, this venue was originally selected because Connecticut office space was formerly used by some of Teekay's subsidiaries, and one of the individual defendants, Mr. Evensen, lives in this state.  Compl. ¶¶ 11, 15.  However, it is undisputed that Teekay no longer uses office space in this District and that none of the conduct alleged in the Complaint took place in Connecticut.  Pl. Mem. in Opp. at 17-18.

Given that this is a securities class action lawsuit, none of the named plaintiffs have residences or other ties to the state of Connecticut, and there is no material connection between Connecticut and the facts of this case, the Court finds that this factor does not weigh very strongly in favor of Plaintiffs.

### c. Convenience of Witnesses

"The most significant factor to be decided on a motion to transfer venue is the convenience of party and non-party witnesses." *Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*, 178 F.Supp.2d 459, 465 (S.D.N.Y. 2002); *see also Savoy Owners Associates, Inc. v. Ins. Corp. of N.Y.*, No. 02-CIV-6145 (JFK), 2003 WL 941098, at *2 (S.D.N.Y. Mar. 6, 2003) ("Convenience of the witnesses is the most powerful factor governing the decision to transfer a case" (internal citations and quotes omitted)). "Parties seeking consideration of this factor must specify the identity of key witnesses and the nature of their likely testimony, and support these statements with affidavits." *Wilson*, 821 F.Supp.2d at 516-517. Defendant Vincent Lok has provided an affidavit detailing a list of individuals and departments within the Teekay organization who could provide helpful information in connection with this litigation. Lok Dec., ECF No. 40. "Generally, the convenience of non-party witnesses is given more weight than that of a party witness," *Savoy Owners Associates*, 2003 WL 941098, at *3; however, neither party has identified any proposed non-party witnesses in connection with this case.

It is undisputed that defendant Teekay's headquarters is in Vancouver, Canada, most Teekay employees and officers with knowledge of the alleged conduct work from the Vancouver office, and the Western District of Washington is the federal district closest to the Vancouver office.[1] Plaintiffs do not claim that any intended witnesses would be particularly inconvenienced by testifying in the Western District of Washington, nor do they assert that the District of Connecticut would be a more convenient venue for proposed witnesses. Instead, Plaintiffs argue that, because Defendants have failed to demonstrate that any proposed witnesses would agree to testify if this litigation were based in the Western District of Washington, this factor does not

---

[1]     In securities class actions such as this one, the venue of the litigation is typically the location of the defendant company's headquarters. *See* Kramer Meyer Dec. Ex. 2, ECF No. 38.

weigh in favor of transfer.  Pls. Mem. in Opp. at 12-15.  However, Plaintiffs have not pointed to any case law suggesting that Defendants are required to establish that each proposed witness will agree to testify at this stage of the litigation.

The record is clear that, if any Teekay employees or officers were to testify at trial, it would be easier for those witnesses to reach the Western District of Washington than the District of Connecticut.   Accordingly, the convenience of potential witnesses suggests that transfer would be appropriate.

### d.  Access to Evidence

"Securities fraud litigation almost invariably involves production and review of a vast number of documents, almost all of which will be in the defendant's possession."  *In Re Hangar Orthopedic*, 418 F.Supp.2d at 170 (citing *Blass v. Capital Int'l Sec. Grp.*, No. 99-CV-5738 (FB), 2001 WL 301137 at *6 (S.D.N.Y. Mar. 23, 2001)).  While modern technology certainly decreases the relevance of this factor when considering a motion to transfer, the location of relevant documents and ease of access to sources of proof remains a factor to be considered part of the Court's analysis, even in the context of class action securities litigation.  *See In re Global Cash Access Holdings Inc. Sec. Litig.*, No. 08-CV-3516 (SWK), 2008 WL 4344531 at *5 (S.D.N.Y. Sept. 18, 2008) ("Although the location of relevant documents may be of less significance in light of modern copying and reproduction technologies, *see In re Hanger*, 418 F.Supp.2d at 170, it nonetheless retains some relevance to the venue inquiry").  As it is undisputed that most of the relevant documentation in this action will be based Teekay's headquarters in Vancouver, Canada, this factor weighs in favor of transfer.

### e.   Convenience of Parties

Neither the Western District of Washington nor the District of Connecticut appears to be a particularly convenient venue for bringing this litigation.  Though the Western District of Washington may be closer to Teekay's headquarters in Canada, neither party has any connection to the State of Washington, and both parties would need to travel substantial distances to reach either venue.

Contrary to Plaintiffs' assertions that only Defendants' attorneys would benefit from a transfer to the Western District of Washington, the facts suggest that Defendants would benefit significantly from a transfer to the State of Washington, since the federal court in that State would be less than 200 miles from Teekay's Vancouver headquarters while this district would be over 2,000 miles away.  On the other hand, Defendant Evensen does have a home in Connecticut and appears to be less inconvenienced than the other defendants should the Court decline to transfer this case.  The District of Connecticut also appears to be slightly more convenient for Maeve's owner, Joseph O'Toole, because Connecticut is a shorter flight from Florida, where he lives, and more accessible from Pennsylvania, where he attends regular board meetings in connection with his duties as a member of the Saint Vincent College Board of Directors. O'Toole Dec., ECF No. 49.  On the whole, given the substantial distance between the District of Connecticut and Teekay's headquarters in Vancouver, Canada, the convenience of the parties weighs in favor of transfer.

### f.   Locus of Operative Facts

"[I]t is well-settled that misrepresentations are deemed to 'occur' in the district where the misrepresentations are issued or the truth is withheld, not where the statements at issue are received."  *In re Collins & Aikman Corp. Sec. Litig.*, 438 F.Supp.2d at 397.  Here, the alleged

misrepresentations were made in two locations before being transmitted nationally: from Teekay's headquarters in Vancouver, which is closer to the Western District of Washington, and from New York City while Mr. Evensen was traveling on business, which is far closer to the District of Connecticut.  Def. Mem. in Supp. at 14-15; Pls. Mem. in Opp. at 17.  Neither venue was the actual site of any of the operative facts alleged in the complaint.

When considering this factor in securities class actions cases, district courts have often transferred cases to the district where the "center of gravity" of the litigation is based, which commonly corresponds to the headquarters of the defendant company, as this is where statements on behalf of the company are typically prepared.  *See In re Collins & Aikman Corp. Sec. Litig,* 438 F. Supp. 2d at 397 (favoring transfer to district of company headquarters, "where the disclosures about the activities conducted at these locations were assembled and issued"); *In re Glob. Cash Access Holdings*, 2008 WL 4344531, at *6 (transferring case to district of company headquarters despite some of the alleged conduct taking place in a different district because the "center of gravity" of the litigation was located with the company headquarters).  The Court recognizes that the Western District of Washington is by no means the "center of gravity" of this litigation, as neither Plaintiffs, nor Defendants, nor any of the alleged conduct have any direct connection to the Western District of Washington; however, it is undisputed that the State of Washington is much closer to the actual "center of gravity" in Vancouver, Canada than the District of Connecticut.  Accordingly, this factor weighs in favor of transfer.

### g.  Availability of Process

Both Plaintiffs and Defendants recognize that no Canada-based witnesses could be compelled to testify in either the District of Connecticut or the Western District of Washington, thus the availability of process to compel the attendance of unwilling witnesses does not favor

either venue.  Defs. Mem. in Supp. at 16; Pls. Mem. in Opp. at 18.  "Because neither party has identified any non-party witnesses, the availability of process to compel attendance of unwilling witnesses is neutral."  *Wilson*, 821 F.Supp.2d at 517.

### h.   Relative Means of the Parties

The relative means of the parties similarly does not appear to favor either venue.  While Plaintiff argues that Teekay has more means to litigate in the District of Connecticut, Maeve purports to represent a class of investors with nationwide reach.  Defs. Mem. in Supp. at 16-17; Pls. Mem. in Opp. at 7-8.  Both Plaintiffs and Defendants are represented by counsel with expansive practices.  *Id.*  Accordingly, this factor is also neutral.

### i.   Familiarity with Governing Law and Interests of Justice

Both parties have recognized that the Western District of Washington and the District of Connecticut would be equally able to apply governing law in this matter.   Defs. Mem. in Supp. at 17; Pls. Mem. in Opp. at 18.  Finally, in light of each of the factors outlined above, the interests of justice would be served by allowing this securities litigation to be tried in the district closest to Vancouver, Canada, where Defendants have their primary offices.  In this case, neither venue is ideal, just as neither venue is impracticable.  However, the "center of gravity" of this case is closer to the State of Washington than to Connecticut, and a transfer would not appear to prejudice Plaintiffs' ability to litigate this case.   Accordingly, the Court finds that a transfer to the Western District of Washington would be appropriate.

### III.    Conclusion

Defendant's Motion to Transfer Venue is **GRANTED**.  The Clerk of the Court is directed to transfer this case accordingly.

SO ORDERED this 18th day of November in Bridgeport, Connecticut.


/s/ Victor A. Bolden
VICTOR A. BOLDEN
U.S. DISTRICT JUDGE